# Group Exhibit 1



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Natural Resources Section*  *Telephone (202) 305-0207*
P.O. Box 7611
Washington, DC  20044

August 27, 2024

Shawn T. Welch (stwelch@hollandhart.com)
Sydney J. Sell (sjsell@hollandhart.com)
HOLLAND & HART LLP
222 South Main Street
Suite 2200
Salt Lake City, UT 84101

**VIA ELECTRONIC MAIL**

　　　　Re: *Kane County (2) v. United States*, No. 2:10-cv-1073 (D. Utah)
　　　　　　and House Rock Valley Road (K6000)

Dear Counsel:

　　　　This letter is further to our letter dated April 18, 2024, the court hearing in this case held on August 21-22, 2024, and the deposition of Bert Harris held on August 15, 2024 in preparation for that hearing.

　　　　As we noted in both our letter dated April 18, 2024, and the court hearing in this case held on August 21-22, 2024, we consider the culvert your client proposes to install on the House Rock Valley Road (K6000) to be an "improvement" as that term is defined in *SUWA v. BLM*, 425 F.3d 735, 749 (10th Cir. 2005).  More generally, and in light of the recent admissions made by Mr. Harris, we consider any installation of a culvert, where none previously existed, to be an "improvement" as that term is defined in *SUWA v. BLM*.

　　　　We understand the Court's August 9, 2024 Memorandum Decision and Order re: Motions to Dismiss and Definition of a "Holder" [ECF No. 792], as clarified by the Court's August 22, 2024 Resolution of Motion for Other Relief [ECF No. 801], to state that "Kane County holds vested title in K6000 House Rock Valley Road" and that "a holder of vested title in an R.S. 2477 road may proceed with maintenance activities as of right."  ECF No. 801 at 2.  However, consistent with the Court's August 22, 2024 Order to Set Briefing and Hearing Schedule [ECF No. 802], we do not understand title to yet be quieted, as we still need to (among other things) "propose a schedule for summary judgment concerning title" for the "K6000 House Rock Valley Road[.]"  Moreover, even if or when title itself is quieted, to the extent questions of

scope remain open, the limitations of section (b) of the QTA (28 U.S.C. § 2409a(b)) will continue to apply. That means that until scope is quieted, or until a binding decision is issued on the question of whether your proposed culvert installation constitutes maintenance or an improvement, the United States shall not be disturbed in its control, including in its position that the culvert your client proposes to install on the House Rock Valley Road (K6000) is an "improvement" as that term is defined in *SUWA v. BLM*.[1]

Because we recognize the importance of proceeding to quiet title to these claims, consistent with the bellwether process, *see, e.g.*, ECF No. 238 at 2, 7-8, we continue to intend and expect to work with you to "confer and propose a schedule for summary judgment briefing concerning title to the[se] two additional Bellwether Roads," including the K6000 House Rock Valley Road, as well as to propose a schedule for quieting title for all seventeen Bellwether Roads.

But unless and until title is quieted, under the Quiet Title Act, 28 U.S.C. § 2409a(b), the County must abide by any instructions, restrictions, or limitations imposed by the Bureau of Land Management or any other representatives of the United States. In particular, this means that unless and until both title and scope are quieted, the County may not unilaterally install the culvert discussed at the August 21-22, 2024 hearing.

Please make sure your client and their representatives are informed of these limitations. In light of both the deposition and hearing testimony from Mr. Harris, I have reason to believe he has not been properly informed.

I appreciate your attention to this matter. Should you have any questions about this matter, please do not hesitate to contact me.

                                                  Sincerely,

                                                  *s/ Joseph H. Kim*
                                                  JOSEPH H. KIM, Trial Attorney
                                                  Natural Resources Section
                                                  Environment & Natural Resources Division
                                                  United States Department of Justice
                                                  P.O. Box 7611
                                                  Washington, D.C. 20044-7611
                                                  Telephone: (202) 305-0207

Cc:

Rob Van Dyke (rvandyke@kane.utah.gov)

Kathy A. F. Davis (kathydavis@agutah.gov)
Kaitlin T. Davis (kaitlindavis@agutah.gov)

---

[1] If or when title is quieted, we would then expect this aspect of scope to also be quieted, or we can then proceed to an improvement consultation consistent with *SUWA v. BLM*.

Stephen H. Block (steve@suwa.org)
Michelle B. White (michellew@suwa.org)
Mitchell M. Longson (mlongson@mc2b.com)
Trevor J. Lee (trevor@hlhparkcity.com)
Tijana M. Brien (tbrien@cooley.com)

Melina Shiraldi, Assistant U.S. Attorney
Michael Smith, Special Assistant U.S. Attorney
Cameron Johnson, Attorney-Advisor



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Natural Resources Section*         *Telephone (202) 305-0207*
*P.O. Box 7611*
*Washington, DC  20044*

September 16, 2024

Shawn T. Welch (stwelch@hollandhart.com)
Sydney J. Sell (sjsell@hollandhart.com)
HOLLAND & HART LLP
222 South Main Street
Suite 2200
Salt Lake City, UT 84101

**VIA ELECTRONIC MAIL**

        Re: *Kane County (2) v. United States*, No. 2:10-cv-1073 (D. Utah)
            and House Rock Valley Road (K6000)

Dear Counsel:

        This letter is in follow up to our letter dated August 27, 2024. In that letter, as well as our earlier letter dated April 18, 2024, we made clear that we consider the culvert your client proposed to install on the House Rock Valley Road (K6000) to be an "improvement" as that term is defined in *SUWA v. BLM*, 425 F.3d 735, 749 (10th Cir. 2005). While we recognize that you and/or your client may have a different view, as we also made clear in our letters, unless and until title is quieted in your client's favor,[1] you and your client may not take any actions that would disturb the United States' control of its lands and, in particular, the County may not unilaterally install the culvert discussed at the August 21-22, 2024 hearing.

        However, we now have credible reports that you and/or your client are disregarding this instruction. That needs to stop immediately.

        Please make sure your client and their representatives are properly informed, and that all unilateral work of this type is discontinued. In light of your apparent disregard of our last letter, we request that you acknowledge both these letters and the order to stop the culvert installation as soon as possible, and no later than the close of business tomorrow.

---

[1]         In this regard, we have tried to work with you to create a schedule whereby all aspects of title, including scope, may be resolved in the near future (at least as it relates to this and the other bellwether claims).

- 2 -

Should you have any questions about this matter, please do not hesitate to contact me.

                Sincerely,

                *s/ Joseph H. Kim*
                JOSEPH H. KIM, Trial Attorney
                Natural Resources Section
                Environment & Natural Resources Division
                United States Department of Justice
                P.O. Box 7611
                Washington, D.C. 20044-7611
                Telephone: (202) 305-0207

Cc:

Rob Van Dyke (rvandyke@kane.utah.gov)

Kathy A. F. Davis (kathydavis@agutah.gov)
Kaitlin T. Davis (kaitlindavis@agutah.gov)

Stephen H. Block (steve@suwa.org)
Michelle B. White (michellew@suwa.org)
Mitchell M. Longson (mlongson@mc2b.com)
Trevor J. Lee (trevor@hlhparkcity.com)
Tijana M. Brien (tbrien@cooley.com)

Melina Shiraldi, Assistant U.S. Attorney
Michael Smith, Special Assistant U.S. Attorney
Cameron Johnson, Attorney-Advisor



**U.S. Department of Justice**

Environment and Natural Resources Division

*Natural Resources Section*  *Telephone (202) 305-0207*
P.O. Box 7611
Washington, DC  20044

September 20, 2024

Shawn T. Welch (stwelch@hollandhart.com)
HOLLAND & HART LLP
222 South Main Street
Suite 2200
Salt Lake City, UT 84101

**VIA ELECTRONIC MAIL**

    Re: *Kane County (2) v. United States*, No. 2:10-cv-1073 (D. Utah)
       and House Rock Valley Road (K6000)

Shawn:

    Thank you for acknowledging and responding to our letters on this issue.  Your letter dated September 17, 2024 raises several points, and I will do my best to respond to each of them.

    I do not understand your apparent confusion about the United States' position about title to the House Rock Valley Road.  As you know, we "pursued a motion to dismiss on grounds that the United States does not dispute the State's and Kane County's title."  As you also surely know, we lost that motion to dismiss as it relates to this particular bellwether claim.  *See* ECF No. 792.[1]  While we do not waive this as a possible issue for appeal, for now, we recognize that this is currently the law of the case.  We are simply asking you and your client to similarly recognize this current state of affairs.  With a Quiet Title Act case pending, and title held to be disputed, the clear legal restrictions of section (b) of the Quiet Title Act apply.  Your acknowledged awareness that your client is disregarding this limitation, and apparent failure to take any steps to stop this violation, is problematic.

    Mere "differences of opinion" are insufficient to avoid this problem.  Consistent with this provision of the Quiet Title Act, you and your client need "a final judgment or decree" and, even then, need to wait for "the conclusion of any appeal therefrom."  As I have noted, we are

---

[1]    In any event, even assuming title, we appear to have a dispute over scope, including this specific issue of whether a new culvert may be installed as maintenance, or instead requires following the procedures for an improvement.

currently the only party working to try to reach a final and appealable judgment by pursing a final determination of title to the alleged rights of way, including their scope.  We do not understand why you prefer to defer a judicial resolution of the "scope" issue.  But, in any event, you are not entitled to ignore the clear limitation provided by section (b) of the Quiet Title Act while you actively delay the resolution of this bellwether claim.

You have asked us to "consider whether the United States 'has been abusing the rights of an R.S. 2477 holder and the litigation process relative to this K6000 Class B road'."  But, as noted above, we are the only party currently seeking to have these rights fully adjudicated.  The more relevant question is whether, by both avoiding or delaying a final and appealable judgment, while simultaneously ignoring the clear legal restrictions imposed by the Quiet Title Act while your claim is pending, you and your client have been abusing this Quiet Title Act case and the clear rights afforded to the United States under the Quiet Title Act while your case remains pending.

As you have noted, we have not argued that "the culvert is not necessary."  Indeed, we have long been willing to work with your client to allow for the proper installation of this culvert.  But we have a strong institutional interest in making sure that our proper procedures are followed.  In this context, that means either achieving a final and appealable judgment (and "the conclusion of any appeal"), or proceeding in the interim under a Title V permit that will not prejudice your position in this Quiet Title Act litigation.  We do not intend to "delay" either option, nor do we intend to "unreasonabl[y] disapprov[e]" a Title V application if properly submitted.

Please let us know if you have any further questions about this matter.

                   Sincerely,

                    *s/ Joseph H. Kim*
                   JOSEPH H. KIM, Trial Attorney
                   Natural Resources Section
                   Environment & Natural Resources Division
                   United States Department of Justice
                   P.O. Box 7611
                   Washington, D.C. 20044-7611
                   Telephone: (202) 305-0207

Cc:

Sydney J. Sell (sjsell@hollandhart.com)

Rob Van Dyke (rvandyke@kane.utah.gov)

Kathy A. F. Davis (kathydavis@agutah.gov)
Kaitlin T. Davis (kaitlindavis@agutah.gov)

- 3 -

Stephen H. Block (steve@suwa.org)
Michelle B. White (michellew@suwa.org)
Mitchell M. Longson (mlongson@mc2b.com)
Trevor J. Lee (trevor@hlhparkcity.com)
Tijana M. Brien (tbrien@cooley.com)

Melina Shiraldi, Assistant U.S. Attorney
Michael Smith, Special Assistant U.S. Attorney
Cameron Johnson, Attorney-Advisor